IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNAMIC CRM RECRUITING SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) Civil Action File No.: 4:21-cv-01259 |
| v. | ) ) ) |
| UMA EDUCATION, INC. D/B/A ULTIMATE MEDICAL ACADEMY, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT UMA EDUCATION, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1441, and 1446, defendant UMA Education, Inc. d/b/a Ultimate Medical Academy ("UMA") hereby removes this case from the District Court for the 189th Judicial District, Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division. As grounds for removal, UMA states as follows:

**I.    THE STATE COURT ACTION**

2.    On October 26, 2020, Dynamic CRM Recruiting Solutions, LLC ("plaintiff" or "DCRS") filed a lawsuit in the Harris County District Court, captioned *Dynamic CRM Recruiting Solutions, LLC v. UMA Education, Inc. d/b/a Ultimate Medical Academy;* Cause No. 2020-68630 (the "State Court Action"). A true and correct copy of the Original Petition with process form, as received by UMA, together with the Affidavit of Service filed by plaintiff, is attached to this notice as Exhibit 1.

3.    The Original Petition filed in the State Court Action alleges several causes of action against UMA under Texas State Law: Breach of Agreement/Contract; Fraud-Fraudulent

1

Inducement; Conversion; Texas Theft Liability Act/Texas Uniform Trade Secrets Act, Quantum Meruit; and Foreclosure of Materialman & Mechanic's Lien. [*See* Exh. 1, Petition at p. 5-7.]

4. Additionally, plaintiff seeks preliminary and permanent injunctive relief against UMA. [*Id.* at p. 8-9.]

## II. GROUNDS AND TIMELINESS OF REMOVAL

5. The State Court Action is removable to this Court under 28 U.S.C. § 1441(a) and (b).

6. On April 1, 2021, plaintiff served UMA with plaintiff's Original Petition. [*See* Exh. 1, Affidavit of Service.] This Notice of Removal is timely filed within 30 days of receipt of plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b).

7. Removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship and federal question jurisdiction pursuant to 28 U.S.C. §§ 1332, 1338, and 1441.

### A. Jurisdiction Based on Diversity of Citizenship.

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) "requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992).

9. Like a partnership, the citizenship of a limited liability company or an LLC is determined by the citizenship of its constituent members. *Alsobrook v. GMAC Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013) ("[t]he citizenship of a limited liability company . . . is

determined by the citizenship of all of its members"); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members"); *Gulf Coast Envtl. Sys., LLC v. TKS Control Sys.* 2008 U.S. Dist. LEXIS 51565, at *6-7 (S.D. Tex. 2008) ("The citizenship for diversity purposes of a limited liability company . . . despite the resemblance of such a company to a corporation . . . is the citizenship of each of its members.") In contrast, the citizenship of a corporation is determined by the location of the corporation's principal place of business and the state where it has been incorporated. 28 U.S.C. § 1332(c); *see Tewari De-Ox Sys. v. Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

10.     Here, plaintiff identifies itself in the Original Petition as a Texas limited liability company with its principal place of business at 43 Rainey St., Suite 2007, in Austin, Texas. Records available from the Texas Secretary of State indicate that the current members of DCRS are Kevin Smith and Byron Hogan. A true and correct copy of the Texas Certificate of Formation filed with the Texas Secretary of State, dated October 25, 2013, is attached as Exhibit 2 and reflects that Messrs. Smith, Hogan, and William Blancett were the founding members of DCRS. The Texas Franchise Tax Public Information Report (for 2020) for DCRS confirms that Messrs. Smith and Hogan are the current members/directors of DCRS.[1] [Exh. 2 at 3.] Based on a reasonable investigation of available information, Mr. Smith is domiciled in Austin, Texas, and therefore a citizen of Texas. Based on a reasonable investigation of available information, Mr. Hogan is also domiciled in Austin, Texas, and therefore a citizen of Texas. Thus, upon

---

[1] Mr. Blancett is no longer listed as a member of DCRS.

information and belief and upon a reasonable search of publicly available information, all current members of plaintiff are citizens of Texas. Accordingly, plaintiff is a citizen of only Texas.

11. UMA is a Delaware Corporation with its principal place of business in Tampa, Florida, and thus a citizen of Delaware and Florida.

12. Therefore, there is complete diversity of citizenship between plaintiff (Texas) and UMA (Delaware and Florida). *See* 28 U.S.C. § 1332. Accordingly, this Court has diversity jurisdiction in this case.

13. Further, the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332. The Original Petition seeks monetary relief over "$1,000,000.00" plus fees and costs. [Exh. 1, Petition at p. 1.] Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

    **B.**    **Jurisdiction Based on Federal Question.**

14. "It is well established that federal courts have exclusive original jurisdiction over claims of copyright infringement . . . and that the Federal Copyright Statute . . . completely preempts practically all state law causes of action falling within its scope." *Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp. 2d 729, 732 (S.D. Tex. 1998). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. Copyright is one such area of complete preemption by federal courts." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578, 583 (S.D. Tex. 2011) (internal citations omitted). "Thus, if any of Plaintiffs' claims fall within the scope of the Copyright Act, then those claims would be preempted, would be federal in nature, and could serve as a basis for removal jurisdiction." *Tavormina v. Evening Star Prods.*, 10 F. Supp. 2d 729, 732-33 (S.D. Tex. 1998).

15.     Here, plaintiff brings state law claims for breach of agreement/contract, fraud-fraudulent inducement, conversion (of intellectual property), violations of the Texas Theft Liability Act ("TTLA") and Texas Uniform Trade Secrets Act, and Foreclosure of Materialman & Mechanic's Lien. [*See* Exh. 1, Petition at p. 5-7.]  Several of plaintiff's causes of actions are preempted by the Federal Copyright Act.

16.     For example, plaintiff's conversion claim asserts that UMA "converted DCRS' intellectual property to their own use to the detriment of DCRS." [*Id*. at 6.]  Texas' conversion law, however, concerns "only physical property, not intangible intellectual property rights." *Ultraflo Corp.*, 823 F. Supp. 2d at 587 (internal citations omitted).  Therefore, "to the extent that a plaintiff alleges conversion of intangible, copyrightable material, the claim is either outside the scope of Texas conversion law [] and therefore fails to state a claim under state law or, in the alternative, preempted by the Copyright Act." *Id*. (internal quotations and citations omitted). Taken in the full context of plaintiff's original petition, plaintiff's claim of conversion is clearly a claim for the conversion of intellectual property, and so is preempted by the Copyright Act. *See*, *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 295 (E.D. Tex. 1988) (plaintiff's Texas state law conversion claims for alleged improper use of intellectual property preempted and properly removed). Here, the only intellectual property at issue is plaintiff's computer software, which plaintiff plainly alleges was copied by UMA or was used to make derivative works based upon plaintiff's software.  Accordingly, plaintiff's claims of "conversion" amount to claims of infringement of plaintiff's software and are thus clearly preempted by the Copyright Act.

17.     Plaintiff's TTLA claims are similarly preempted and removable.  Plaintiff claims that UMA's alleged "unauthorized use and conversion of DCRS' intellectual property constitutes

5

theft [under the TTLA] and a violation of the Texas Uniform Trade Secrets Act." [Exh. 1, Petition at p. 6-7.]

18.     State law claims are preempted by the Copyright Act when they involve "elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act." *Daboub v. Gibbons*, 42 F.3d 285, 209 (5th Cir. 1995).

19.     As Texas courts have repeatedly concluded, "the elements of [a Texas] Theft Liability Act claim are <u>no different</u> than those required to establish a copyright infringement of [plaintiff's] non-tangible intellectual property." *Ledesma v. D.R. Horton, Inc.*, 2008 U.S. Dist. LEXIS 112637, at *7-8, 5 (W.D. Tex. Apr. 29, 2008) (emphasis added) (plaintiff's TTLA claim related to software copying preempted by Copyright Act because plaintiff was "asserting an interest in the intellectual property rights related to the software"); *see also Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 598 (5th Cir. 2015) (TTLA claim preempted because allegations of "[c]opying, communicating, and transmitting are equivalent acts to reproducing and distributing" under Copyright Act); *Integrated3d, Inc. v. Aveva, Inc.*, 2017 WL 10185175, at *3-5 (E.D. Tex. Nov. 16, 2017) (TTLA claim preempted by Copyright Act); *Agan v. Carey*, No. 4:09-cv-00280, 2009 WL 10677875, at *2-3 (E.D. Tex. Oct. 19, 2009) (dismissing TTLA claim as preempted by Copyright Act).

20.     Because plaintiff's TTLA, claim does not allege qualitatively different conduct from a federal claim under the Copyright Act, it also is preempted.

21.     Therefore, removal is proper. 28 U.S.C. § 1441.

### III. VENUE

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) as the U.S. District Court for the Southern District of Texas – Houston Division is the federal judicial district embracing the District Court for Harris County, Texas, where the State Court Action was originally filed.

23. Pursuant to 28 U.S.C. § 1446(a), UMA removes this case to the United States District Court for the Southern District of Texas – Houston Division.

### IV. NOTICE REQUIREMENTS

24. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, the following documents are attached as composite Exhibit 3: Index of matters being filed; executed process on UMA; all pleadings asserted in the State Court Action (DCRS's Original Petition); the docket sheet in the State Court Action; and a list of all counsel of record.

25. Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a). Venue is proper in this Court because the action is being removed from the District Court for the 189th Judicial District, Harris County, Texas, which lies within the United States District Court for Southern District of Texas – Houston Division. *See* 28 U.S.C. §§ 124(b)(2) & 1446(a).

26. Pursuant to 28 U.S.C. § 1446(d), UMA will promptly file with the Clerk of the District Court, Harris County, Texas and serve on all parties a true and correct copy of this Notice of Removal, which shall effect the removal, and the State Court Action shall proceed no further unless and until this case is remanded.

27. By filing this Notice of Removal, UMA does not waive any jurisdictional objection or other defense that is or may be available to it.

**WHEREFORE**, UMA respectfully requests that this matter proceed before this Court as an action properly removed.

Dated: April 15, 2021                    Respectfully submitted,

/s/ Rene Trevino

Rene Trevino
Texas State Bar No. 24051447
Andrew Chongseh Kim
Texas State Bar No. 24104944
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Ste. 1700
Houston, Texas 77002
TrevinoR@gtlaw.com
KimAn@gtlaw.com
Telephone: (713) 374-3551
Facsimile: (713) 374-3505

Gregory W. Herbert (Florida Bar No. 0111510)
**GREENBERG TRAURIG, LLP**
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801-3371
Telephone: (407) 420-1000
HerbertG@gtlaw.com
*Pro Hac Vice Application Forthcoming*

Vishesh Narayen (Florida Bar No. 1015975)
**GREENBERG TRAURIG, LLP**
101 East Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
NarayenV@gtlaw.com
*Pro Hac Vice Application Forthcoming*

**ATTORNEYS FOR DEFENDANT UMA EDUCATION, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy of the above and foregoing has been served on all known counsel of record by Certified Mail, Return Receipt Requested on April 15, 2021.

    Stephen E. McCleery
    2121 Gostic
    Houston, Texas 77008
    Telephone: 713.622.3555
    Facsimile: 713.224.8555

                                        Rene Trevino