United States District Court
Southern District of Texas
**ENTERED**
July 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNAMIC CRM RECRUITING SOLUTIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-1259 |
| UMA EDUCATION, INC. d/b/a ULTIMATE MEDICAL ACADEMY, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Dynamic CRM Recruiting Solutions, LLC licensed its computer software to UMA Education, Inc. in an End User License Agreement that had a one-year term. The Agreement allowed UMA Education, the end user, to implement Dynamic's "packaged solution" that provides an extension for a Microsoft product. Five months into the Agreement, Dynamic sued UMA Education in Texas state court, alleging that it had used the license to develop competing software without Dynamic's permission. UMA Education removed and moved to dismiss under Rule 12(b)(6), Dynamic moved to remand and for fees under 28 U.S.C. § 1447(c), and the parties exchanged briefs. (Docket Entry Nos. 4, 6, 12, 15, 16, 17).

Based on the pleadings, the motions and responses, the record, and the applicable law, the court grants Dynamic's motion to remand. UMA Education's motion to dismiss is moot. The court enters a separate remand order, denying the fee request. The reasons for these rulings are explained below.

**I.     Background**[1]

In June 2019, Dynamic licensed its computer software to UMA Education under a written Agreement. (Docket Entry No. 1-1 at 7). As part of the Agreement, UMA Education promised that it would not "decompile, reverse engineer, or otherwise attempt to derive the source code" for the licensed software without Dynamic's written consent. (Docket Entry No. 6-2 at 3). Dynamic alleges that in May 2020, Alex Pechenizkiy, UMA Education's "solution architect," began developing a computer program based on Dynamic's software, in violation of the Agreement. (Docket Entry No. 1-1 at 8–10).

In October 2020, Dynamic sued UMA Education in the 189th Judicial District Court of Harris County, Texas, asserting claims for breach of contract, fraudulent inducement, conversion, quantum meruit, lien foreclosure, and violations of the Texas Theft Liability Act and the Texas Uniform Trade Secrets Act. (Docket Entry No. 1-1 at 5–7). Dynamic sought actual and statutory damages, injunctive relief, and attorney's fees. (*Id.* at 7–9). UMA Education timely removed on the basis of diversity and federal-question jurisdiction and moved to dismiss under Rule 12(b)(6). (Docket Entry Nos. 1, 4). Dynamic moved to remand and for fees under § 1447(c). (Docket Entry No. 6). At the Rule 16 initial pretrial conference, the court heard argument on the motions. On the record, Dynamic abandoned its claims for conversion, quantum meruit, lien foreclosure, and for violations of the Texas Theft Liability Act. (Docket Entry No. 23). Dynamic did not allege violations of federal copyright law.

**II.    The Legal Standard for Removal**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. &*

---

[1] The facts presented here come from the petition and the Agreement, which was attached as an exhibit to Dynamic's remand motion.

*Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002); 28 U.S.C. § 1441. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*; *see Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) (citation omitted). Removal statutes are construed strictly in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

**III.    Analysis**

    **A.    The Forum-Selection Clause**

Dynamic does not dispute that the court has subject-matter jurisdiction under 28 U.S.C. §§ 1332[2] and 1338(a).[3] Rather, Dynamic argues that UMA Education waived its removal right by agreeing to the forum-selection clause in the Agreement. Dynamic bases its argument on Paragraph 10, which states in relevant part:

> This Agreement shall be governed by the laws of the State of Texas not including its "conflicts of laws" provisions. Any dispute arising out of or under this agreement shall be brought before the district courts of Harris County[,] Texas, situated in the city of Houston, unless mutually agreed otherwise. Notwithstanding this, this choice of forum provision shall not prevent either party from seeking injunctive relief with respect to a violation of intellectual property rights or confidentiality obligations in any appropriate jurisdiction.

(Docket Entry No. 6-2 at 6).

"A contractual clause prevents removal where the clause amounts to a 'clear and unequivocal' waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix*

---

[2] Under 28 U.S.C. § 1332(a)(1), district courts have subject-matter jurisdiction over civil actions involving citizens of different states if the matter in controversy exceeds $75,000. The pleadings show that those requirements are met. Dynamic is a citizen of Texas, UMA Education is a citizen of Delaware and Florida, and Dynamic seeks more than $75,000 in damages. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (the citizenship of limited-liability corporations is based on the citizenship of its members); (Docket Entry No. 1-2 (Dynamic's members are Texas citizens); Docket Entry No. 1-1 at 6 (seeking "monetary relief over $1,000,000.00")).

[3] Under 28 U.S.C. § 1338(a), federal district courts have subject-matter jurisdiction over "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." UMA Education argues, and Dynamic does not dispute, that several of Dynamic's state-law claims related to copyright, but Dynamic did not assert federal claims.

3

*Elec. of Nevada, L.L.C., J.V.*, 847 F.3d 255, 257–58 (5th Cir. 2017) (citation omitted).  A party may waive its removal rights by:  (1) "explicitly stating that it is doing so"; (2) "allowing the other party the right to choose venue"; or (3) "establishing an exclusive venue within the contract."  *Id.* (quotation marks omitted); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44 (5th Cir. 2009).  The issue is whether the Agreement establishes an exclusive venue in the Harris County state courts, as Dynamic contends.

The Agreement: (1) does not state that "the district courts of Harris County[,] Texas," are the "exclusive" or "sole" forum; (2) does state that disputes "shall be brought before" those courts; and (3) allows either party to seek injunctive relief in "any appropriate jurisdiction."  (Docket Entry No. 15 at 10–13).  UMA Education relies on *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004), to argue that this is not enough to show an exclusive venue in the Harris County state district courts.  The contract clause in that case stated:  "[the defendant] does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the [defendant]."  *Id.* at 504.  The Fifth Circuit concluded that this contract did not waive removal, because it did not state that the "State Civil Courts of the Parish of Orleans" were the exclusive forum or that other forums were precluded.  *Id.* at 505.  The Fifth Circuit also concluded that the clause was susceptible to more than one plausible interpretation and that "the very presence of ambiguity indicate[d] that the clause d[id] not contain a 'clear and unambiguous' waiver of removal rights."  *Id.* at 505–06.

Dynamic responds by pointing to *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 397 (5th Cir. 2003) (per curiam), and *NFL Mgmt., Inc. v. Hansel Ford, Inc.,* No. 3:05-cv-1351, 2005 WL 8158212, at *1 (N.D. Tex. Sept. 28, 2005).  In both cases, the Fifth Circuit concluded that the choice-of-forum clauses precluded removal because the clauses selected the "court of Dallas

4

County" and the "[c]ourts of Texas," and federal courts are not "of" Dallas County or Texas. *Dixon*, 330 F.3d at 397–98; *NFL Mgmt.*, 2005 WL 8158212, at *1–2.

The Agreement differs from the clauses examined in the parties' cited cases. The Agreement requires "[a]ny dispute" to be "brought before" the Harris County district courts in Houston, "unless mutually agreed otherwise." (Docket Entry No. 6-2 at 6). The only exception is claims for injunctive relief, which may be sought in "any appropriate forum." (*Id.*). *Dixon* and *NFL Mgmt.* instruct that the Agreement's requirement that disputes be filed in the courts "of" Harris County means that they cannot be brought in federal court, which supports remand.

UMA Education argues that the choice-of-forum clause is ambiguous and therefore does not waive removal. UMA Education first argues that the clause is ambiguous because it refers to "district courts," and there is only one district court of Harris County in Houston. (Docket Entry No. 15 at 13–14). Dynamic responds that there are 24 general-jurisdiction civil district courts of Harris County in Houston, all housed in one courthouse. (Docket Entry No. 16 at 8). The Agreement is not ambiguous on this point. The Agreement requires the parties to bring their disputes in a district court of Harris County in Houston, unless the parties agree otherwise or the party filing suit is seeking injunctive relief.

UMA Education also argues that the clause is ambiguous as to whether a case may be removed after initial filing in a Harris County district court. UMA Education focuses on the statement that disputes must be "brought before" the district courts of Harris County. UMA Education argues that "brought" means only to file or commence a lawsuit, and it does not require that the lawsuit be litigated or resolved in the specified forum. (Docket Entry No. 15 at 12).

The parties did not cite, and the court did not find, authority interpreting "brought before" in forum-selection clauses. UMA Education points to the Black's Law Dictionary definition of "bring an action," which is "[t]o sue; institute legal proceedings." *bring an action*, BLACK'S LAW

5

DICTIONARY (11th ed. 2019). UMA Education argues that this action was "brought before" the proper court, because it was filed in a Harris County district court, but the Agreement does not require litigation or resolution in that court, making removal permissible. UMA Education argues that because this interpretation is plausible, the Agreement is ambiguous, showing that UMA Education did not unequivocally waive its removal right. *See New Orleans*, 376 F.3d at 505–60 ("the very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights").

Whether a contract is ambiguous is a question of law. *Smith v. Stericycle, Inc.*, 538 F. Supp. 2d 960, 966 (W.D. Tex. 2008) (citing *Cedyco Corp. v. PetroQuest Energy, LLC*, 497 F.3d 485, 490 (5th Cir. 2007)). A contract term is ambiguous if it is "susceptible to multiple reasonable interpretations." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 348 (5th Cir. 2016); *Stinnett v. Colorado Interstate Gas Co.*, 227 F.3d 247, 254 (5th Cir. 2000) ("The mere fact that lawyers may disagree on the meaning of a contract provision is not enough to constitute ambiguity.").

Courts give contract terms "their plain, ordinary, and generally accepted meaning" unless the contract shows that the parties used the terms "in a technical or different sense." *Smith*, 538 F. Supp. 2d at 966 (quoting *Cedyco Corp.*, 497 F.3d at 490). Because the Agreement does not define "brought before" or indicate that the term has a special or technical meaning, the court considers the generally accepted meaning of the term. "Brought" is the past participle of "bring," which is ordinarily defined as: "to convey, lead, carry, or cause to come along with one toward the place from which the action is being regarded"; "to cause to be, act, or move in a special way"; "to cause to exist or occur." *Bring*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/bring (last visited June 17, 2021). The ordinary definitions of "before" are: "in advance"; "at an earlier time"; "in front of"; "in the presence of"; "under the jurisdiction or consideration of"; "earlier than"; or "in a higher or more important position than." *before*, MERRIAM-WEBSTER,

6

https://www.merriam-webster.com/dictionary/before (last visited June 17, 2021). With these definitions in mind, the ordinary meaning of "brought before" in the Agreement is "to cause a civil action to exist under the jurisdiction of."

The Agreement states that disputes must be "brought before" the district courts of Harris County located in Houston unless the parties agreed to another forum or seek injunctive relief. (Docket Entry No. 6-2 at 6). Those two exceptions support the conclusion that the parties intended the Harris County state courts to be the exclusive forum for most disputes. If a party seeks injunctive relief, any "appropriate jurisdiction" may be chosen as the forum. *See Grand View*, 847 F.3d at 257–58 (a party may clearly and unequivocally waive its removal right by "allowing the other party the right to choose venue"). A party not seeking injunctive relief must file suit in the district courts of Harris County, unless the other party agrees to a different forum. Allowing removal after the initial filing would violate these choices and limits. If UMA Education could remove or transfer after Dynamic has followed the Agreement by suing in the Harris County district courts, that would undercut the choice-of-forum clause.

The choice-of-forum clause unambiguously names the Harris County district courts as the exclusive venue for claims other than injunctive relief. Dynamic seeks both damages and injunctive relief to resolve its disputes relating to the Agreement. Dynamic sued in the parties' chosen and agreed-to forum. The Agreement waived UMA Education's removal right. The scope of that waiver and the preemption issue are examined below.

### B. The Scope of the Forum-Selection Clause

UMA Education argues that, even if the forum-selection clause applies, it applies only to disputes "arising out of or under" the Agreement. (Docket Entry No. 6-2 at 6; Docket Entry No. 15 at 20–21). "Whether a particular claim or cause of action falls within the scope of a forum-selection clause is a question of federal law." *Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, No. 309-

7

cv-0430, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (citing *Ondova Limited Company v. Manila Industries, Inc.*, 513 F. Supp. 2d 762, 772 (N.D. Tex. 2007)). "[T]he scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it." *Marshall v. Maropco, Inc.*, No. 4:16-cv-2731, 2016 WL 6820391, at *2 (S.D. Tex. Nov. 17, 2016) (brackets altered) (quoting *MaxEn Capital, LLC v. Sutherland*, No. 08-3590, 2009 WL 936895, at *6 (S.D. Tex. April 3, 2009)). "To determine whether a forum-selection clause applies to a particular cause of action, a court looks first to 'the language of the parties' contracts.'" *Pinnacle Interior*, 2010 WL 445927, at *5 (quoting *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998)). "Clauses that extend to all disputes that 'relate to' or 'are connected with' the contract are construed broadly, while clauses that cover disputes 'arising out of' or over 'the implementation and interpretation of' the contract are construed narrowly." *Id.* (quoting *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)).

To determine scope, the court "look[s] to the operative facts that underlie the alleged causes of action." *Id.* "If the *substance* of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection clause, the clause cannot apply." *Id.* (citing *Soil Building Systems v. CMI Terex Corporation*, 2004 WL 1283966, at *4 (N.D. Tex. June 9, 2004)). Dynamic is asserting claims for breach of contract, fraudulent inducement, and theft of trade secrets under the Texas Uniform Trade Secrets Act. Those claims turn on Dynamic's allegations that UMA Education entered into the Agreement to obtain Dynamic's software, which it then used to create its own software, in violation of the Agreement and are within the scope of the forum-selection clause.

    **C.**    **Federal Preemption and Federal Subject-Matter Jurisdiction**

UMA Education also argues that, even if the forum-selection clause applies, Dynamic's claims for conversion and violations of the Texas Theft Liability Act are completely preempted by

8

the federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and cannot be remanded. *See* 28 U.S.C. § 1338(a) ("No state court shall have jurisdiction over any claim or relief arising under any Act of Congress relating to . . . copyrights."); *Tavormina v. Evening Star Prods., Inc.*, 10 F. Supp. 2d 729, 732 (S.D. Tex. 1998) ("federal courts have exclusive original jurisdiction over claims of copyright infringement" and the Copyright Act "preempts practically all state law causes of action falling within its scope." (citation omitted)).[4] Dynamic abandoned its claims for conversion and for violations of the Texas Theft Liability Act at the Rule 16 initial pretrial conference. Those claims are dismissed.

UMA Education does not argue that federal law completely preempts any of Dynamic's remaining state-law claims. Because UMA Education waived its removal right, it cannot rely on 28 U.S.C. §§ 1331 or 1332 to provide subject-matter jurisdiction over this case. *See Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796 (5th Cir. 2001) (a party's waiver of its removal rights precluded subject-matter jurisdiction under §§ 1331 and 1332).

Whether federal subject-matter jurisdiction is present for purposes of removal is determined based on the claims in the state-court petition at the time of removal. *Alviar v. Lillard*, 854 F.3d 286, 290 n.1 (5th Cir. 2017) (quoting *Manguno*, 276 F.3d at 723). The Copyright Act preempted some of the state-law claims that Dynamic pleaded in state court, providing a basis for subject-matter jurisdiction, but Dynamic has abandoned those state-law claims. With the only claims that provided federal subject-matter jurisdiction dismissed, the court is left with state-law claims that do not relate to copyright and the parties' forum-selection clause.

---

[4] Although federal-question jurisdiction under 28 U.S.C. § 1331 ordinarily must be determined based on the allegations in the complaint, there is an exception for complete federal preemption. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) ("'when a federal statute wholly displaces the state-law cause of action through complete preemption,' the state claim can be removed" (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003))).

When a court dismisses all the federal claims in an action, it generally declines to continue to exercise jurisdiction over remaining state-law claims. *Bowman v. Ouachita Par. Sheriff's Off.*, No. 3:20-CV-01372, 2021 WL 900670, at *5 (W.D. La. Feb. 22, 2021) (citing *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004), and 28 U.S.C. § 1367(c)(3)), *report and recommendation adopted*, No. 3:20-CV-1372, 2021 WL 899076 (W.D. La. Mar. 9, 2021).  In determining whether to retain jurisdiction over the state-law claims, courts consider the following statutory and common-law factors:  (1) whether the state-law claims (a) raise novel or complex state-law issues or (b) substantially predominate over the federal claims; (2) whether the federal claims have been dismissed; (3) whether there are exceptional circumstances or compelling reasons to decline supplemental jurisdiction; (4) judicial economy; (5) convenience; (6) fairness; and (7) comity.  *ESI/Emp. Sols., L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 728 (E.D. Tex. 2020) (citing 28 U.S.C. § 1367(c) and *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011)).  No single factor is dispositive.  *Id.*

Weighing all the factors, the court concludes that retaining jurisdiction over Dynamic's state-law claims is not warranted.  Although the claims do not raise novel or complex state-law issues, they predominate.  Remanding based on the forum-selection clause gives effect to the parties' choice of forum and to the state courts' interest in applying Texas law to Texas state-law claims.  *See Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) ("a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction . . . or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)"); *ESI/Emp. Sols.*, 450 F. Supp. 3d at 731 ("comity, in the federalism context, . . . normally . . . weighs in favor of declining supplemental jurisdiction"); *Bowman*, 2021 WL 900670, at *6 ("[it] is fair to have Louisiana state law claims heard in Louisiana state court" and "comity demands that the important interests of federalism and comity be

respected by federal courts, which are courts of limited jurisdiction and [are] not as well equipped for determinations of state law as are state courts." (quotation marks omitted)).  Neither this court nor a Harris County district court is inconvenient for the parties.  The balance of the statutory and common-law factors strongly supports remanding Dynamic's remaining state-law claims.  This case is remanded to the 189th Judicial District Court of Harris County, Texas.

### D. Attorney's Fees Under § 1447(c)

In its remand motion, Dynamic asks the court to award it the costs, expenses, and attorney's fees that it incurred as a result of UMA Education's removal, on the ground that UMA Education knew, or should have known, that the forum-selection clause prohibited removal.  (Docket Entry No. 6 at 5).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019), *reh'g denied* (Apr. 24, 2019).  UMA Education had a reasonable ground to remove based on the issues relating to the applicability and scope of the Agreement's forum-selection clause.  Dynamic's motion for fees under § 1447(c) is denied.

### IV. Conclusion

Dynamic's motion to remand, (Docket Entry No. 6), is granted, but its fee request is denied. UMA Education's Rule 12(b)(6) motion, (Docket Entry No. 4), is moot.  Remand is entered by separate order.

SIGNED on July 1, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

11